

08/29/2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT W. RILEY | § | Case No. 05-62565 |
| and LINDA J. RILEY | § | |
| | § | |
| Debtors | § | Chapter 7 |

### MEMORANDUM OF DECISION

This matter came before the Court upon hearing of the "Trustee's Objection to Debtors' Property Claimed As Exempt" ("Objection") filed by Michael J. McNally, Chapter 7 Trustee (the "Trustee"), in the above-referenced case. The Objection seeks to invalidate a business homestead exemption claimed by the debtors, Robert W. Riley and Linda J. Riley ("Debtors"), as to a 2.5-acre tract of real property identified on the Debtors' Schedule A and Schedule C as Lot 3B, Block 4, Southview Addition, in Anderson County, Texas, and commonly referred to as 126 Memory Lane (the "Memory Lane Property"). Upon due consideration of the evidence and review of the applicable legal authorities, the Court concludes that the Trustee's Objection should be sustained and that the Debtors' business homestead claim as to the Memory Lane Property should be denied. This memorandum of decision disposes of all issues pending before the Court.[1]

---

[1] This Court has jurisdiction to consider the objection pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (B), and (O).

**Background**

On October 13, 2005, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtors elected state exemptions pursuant to 11 U.S.C. § 522(b)(2), and listed two non-contiguous properties as exempt property under TEXAS PROPERTY CODE §§ 41.001 and 41.002. The Debtors claimed the 36.62 acres of land upon which their home is located in the Jeremiah Morgan and Nathaniel Morgan survey in Anderson County, Texas as their homestead. In addition, the Debtors claimed the 2.5 acre Memory Lane Property as a business homestead. The Memory Lane Property is located approximately three miles from the 36.62 acre tract. The parties have stipulated that both properties are rural.

The Trustee does not object to the Debtors' claim of homestead exemption as to the 36.62 acre homesite property. The Trustee does object, however, to the business homestead claim as to the Memory Lane Property on the grounds that the property is not urban in nature and the Texas Property Code does not recognize the concept of a business homestead in a rural context. The Trustee further objects that the property also does not fall within the definition of rural homestead set forth in § 41.002(b) of the Texas Property Code, and that the Debtors' claim of exemption as to the "Business Homestead" property should therefore be denied.[2] The Debtors in their response acknowledged that the Memory Lane Property is not urban property. They maintain, however, that the Memory

---

[2] See Trustee's Objection to Schedule C - Debtors' Property Claimed as Exempt (dkt. #11).

Lane Property can be claimed as exempt as a rural business homestead.

The Debtors testified at the hearing that the Memory Lane Property consists of a house and a lot located in Southview Addition -- a platted subdivision. There is a small office with a desk and chair in the house from which the Debtors transact some of their transportation business. The Debtors also store some tools on the property and have approximately forty bales of hay stored there for their cattle located at the 36.62 acre homesite property. Upon conclusion of the hearing, the Court took the matter under advisement.

## Discussion

The commencement of a bankruptcy case creates an estate encompassing all legal and equitable interests in the property of the debtor as of the petition date, including any property that might potentially be exempt. 11 U.S.C. § 541(a). The debtor may then exempt certain property from the bankruptcy estate by claiming either the federal exemptions provided by § 522(d), or any other exemptions provided by applicable federal, state, or local law. 11 U.S.C. § 522(b). In assessing a debtor's claimed exemptions, the court must look to state law to interpret the state exemption rights. *Bradley v. Pac. Southwest Bank* (*In re Bradley*), 121 B.R. 306, 312 (Bankr. N.D. Tex. 1990), rev'd on other grounds, *In re Bradley*, 960 F.2d 502 (5th Cir. 1992), cert. denied sub. nom., *Commonwealth Land Title Ins. Co. v. Bradley*, 507 U.S. 971, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993); see also *In re Moody*, 77 B.R. 580, 590 (S.D. Tex. 1987)

["Bankruptcy courts must resort to state law for an interpretation of state exemption rights in homesteads."], aff'd by *In re Moody*, 862 F.2d 1194 (5th Cir.), cert. denied, *Moody v. Smith*, 503 U.S. 960, 112 S.Ct. 1562, 118 L.Ed.2d 209 (1992). The facts and law existing as of the date of the petition govern a debtor's claimed exemptions. *Zibman v. Tow*, 268 F.3d 298, 302 (5th Cir. 2001) ["This focus on the status as of the date of filing is commonly referred to as the 'snapshot' approach to determining the extent of the bankruptcy estate and the scope of the exemptions."] (citing *White v. Stump*, 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301 (1924) ["[The Bankruptcy Code] makes the state laws existing when the petition is filed the measure of the right to exemptions."]); *Hrncirik v. Farmers Nat'l Bank* (*In re Hrncirik*), 138 B.R. 835, 839 (Bankr. N.D. Tex. 1992) [stating that exemptions are determined as of the date of the filing of the bankruptcy petition].

Because the Debtors in this case selected the exemptions provided by Texas law, the Court must look to Texas exemption law as it existed on the October 13, 2005 petition date. The Texas Constitution, both now and on the petition date, states that:

> The homestead, not in a town or a city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot or contiguous lots amounting to not more than 10 acres of land, together with any improvements on the land; provided, that the homestead in a city, town or village shall be used for the purposes of a home, *or as both an urban home and a place to exercise a calling or business*, of the homestead claimant, whether a single adult person, or the head of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no other

homestead has been acquired; provided further that a release or refinance of an existing lien against a homestead as to a part of the homestead does not create an additional burden on the part of the homestead property that is unreleased or subject to the refinance, and a new lien is not invalid only for that reason. (emphasis added)[3]

Similarly, the Texas Property Code states as follows:

(a) *If used for the purposes of an urban home or as both an urban home and a place to exercise a calling or business*, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon.

(b) *If used for the purposes of a rural home*, the homestead shall consist of:
(1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or

(2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.[4]

This exemption protects a debtor's homestead from seizure for the claims of creditors, except for encumbrances which are "properly fixed" on the homestead property.[5] Section 41.001(b) then proceeds to describe those encumbrances which may be "properly fixed on homestead property." See TEX. PROP. CODE ANN. § 41.001(b).

It is widely recognized that the homestead exemption under Texas law has a long and distinguished history. Several rationales have historically been cited to support the

---

[3] *See* TEX. CONST. art. XVI, §51 (amended 1999) (emphasis added).

[4] *See* TEX. PROP. CODE ANN. §41.002(a)-(c) (Vernon Supp. 2006) (emphasis added).

[5] TEX. PROP. CODE ANN. §41.001(a) states that "[a] homestead . . . [is] exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property."

necessity of the Texas homestead exemption. In *1018-3rd Street v. State*, a Texas appellate court listed the following purposes of the availability of the homestead exemption in Texas: (1) maintaining the unity of the family and encouraging homesteading; (2) providing a home and a means of support for both the debtor and the family; and (3) establishing in the individual a sense of freedom and independence which was determined necessary to the continued existence of democratic institutions. 331 S.W.2d 450, 453 (Tex. Civ. App. — Amarillo 1959, no writ); see also *England v. FDIC (In re England)*, 975 F.2d 1168, 1174 (5th Cir. 1992) ["Texas cases have consistently held that the fundamental purpose of the Texas homestead laws is to secure a place of residence against financial disaster."] (citing *Cocke v. Conquest*, 120 Tex. 43, 35 S.W.2d 673, 678 (1931)). In order to advance the above-stated purposes, Texas courts have always liberally construed any claimed homestead exemption. *Woods v. Alvarado State Bank*, 19 S.W.2d 35 (Tex. 1929) ["The rule that homestead laws are to be liberally construed to effectuate their beneficent purpose is one of general acceptation."] (citing *Trawick v. Harris*, 8 Tex. 312 (Tex. 1852)); *In re Mitchell*, 132 B.R. 553, 557 (Bankr. W.D. Tex. 1991). "Because homestead are favorites of the law, we must give a liberal construction to the constitutional and statutory provisions that protect homestead exemptions." *Bradley*, 960 F.2d at 507.

The Court now turns to the particular homestead exemption claimed by the Debtors in this case. Although the Trustee has the ultimate burden of persuasion (or the

risk of non-persuasion) as the party objecting to the Debtors' claim of exemption, see FED. R. BANKR. P. 4003(c), the Debtors must sustain an initial burden of production or going forward with the evidence to establish that the referenced property qualifies for the exemption claimed, before the Trustee, as the objecting party, is obligated to go forward with his proof. This is consistent with Texas law in this area which requires any homestead claimant to prove that the property claimed as homestead actually qualifies for the homestead exemption. See, e.g., *Bradley*, 960 F.2d at 507 ["It is well settled in Texas that an individual who seeks homestead protection has the initial burden to establish the homestead character of her property."] (citing *Lifemark Corp. v. Merritt*, 655 S.W.2d 310, 314 (Tex. App. — Houston [14th Dist.] 1983, writ ref'd n.r.e.)); *Vaughn v. Vaughn*, 279 S.W.2d 427, 436 (Tex. Civ. App. — Texarkana 1955, writ ref'd n.r.e.) and cases cited therein.

The parties focused almost exclusively upon whether a rural business homestead exemption exists under Texas law. The Trustee relies upon a statutory construction of the language utilized in the Texas Constitution and the Texas Property Code wherein "a place to exercise a calling or business" is specifically incorporated and recognized as a component of a homestead claim in the urban context but is omitted in the rural context. However, the Debtors assert that, on the basis of the Fifth Circuit's decision in *Perry v. Dearing (In re Perry)*, 345 F.3d 303 (5th Cir. 2003), the Texas rural business homestead exemption is alive and well.

-7-

Yet, in *Perry*, the Fifth Circuit was not considering whether a rural business homestead exemption exists under Texas law. It was instead considering an analogous question — determining the validity of a bankruptcy court's ruling that a business could never be part of a rural homestead for a debtor who had filed for bankruptcy relief in 2000. Acknowledging that "[a]t first blush, the plain meaning of the Texas Constitution and Texas Property Code appear to support the conclusion that a business may not be included as a part of a rural homestead," *id*. at 316, the Circuit noted that "[t]he bankruptcy judge inferred that, in light of a phrase expressly sanctioning the operation of a business on an urban homestead, the absence of similar language purposely denied the inclusion of property utilized for business purposes in a rural homestead." However, the Circuit determined that such an inference cannot be properly drawn. "After a thorough review of Texas homestead law, however, we are unable to say that Texas would necessarily adopt such an unequivocal statement regarding the effect of business activity on a single *contiguous* piece of rural homestead property." *Id*. at 315 (emphasis added). Instead, the Circuit concluded that there was no necessity for the statutory language to emphasize the availability of a business component of a rural homestead because it was always inherently included:

> It appears, however, that a business element has historically been embedded within the definition of a rural homestead. The statement permitting the inclusion of business property in the urban homestead was added in 1876 to the Texas Constitution in order to ensure that property essential to the livelihood of urban dwellers would be as equally protected from creditors as that of rural residents. ...Undoubtedly the purpose of the homestead

> exemption is to shield from creditors a place for the family to live *and a place for the head of the family to exercise his calling or business* to enable him to support the family. It was contemplated that a rural homestead would serve both purposes, and, therefore, no separate provision was made for a residence and a business homestead. ...As to the urban homestead, it was not contemplated that the exemption of a place of residence would be sufficient as the exemption of a place to exercise the calling or business of the head of the family. Hence a separate provision was made for each. ... The purpose of the homestead exemptions, both urban *and* rural, has been to protect not only the home, but also the property that enables the head of the household to support the family.

*Id*. at 317 (emphasis in original).

The Circuit then acknowledged that this implied business component of a rural homestead claim was based upon the historical expectation that any business essential to the livelihood of a family claiming a rural homestead would be agricultural in nature. However, after noting that the Texas Supreme Court had not yet determined whether property used for a non-agricultural business purpose could still be protected under the rural homestead exemption, the Circuit concluded: "In the absence of a clear statement expressly limiting the scope of the rural homestead to property used for home or agricultural purposes, we cannot agree that the operation of a business, without more, necessarily <u>forfeits</u> a rural homestead interest." *Id*. at 318 (emphasis added).

Based upon a misconstruction of *Perry*, the Debtors contend that, notwithstanding the Texas constitutional and statutory changes which now limit urban business homesteads to contiguous tracts,[6] one may still establish under Texas law a rural business

---

[6] See TEX. CONST. art. XVI, §51 and TEX. PROP. CODE ANN. §41.002(a) (Vernon Supp. 2006).

homestead claim on a non-contiguous tract independent of the claimant's home. The Debtors do not cite any other authority for that proposition and the Court is dubious as to whether such a business homestead right ever existed in a rural context under Texas law since the constitutional and statutory references to a rural homestead have never identified "a place to exercise a calling or business" *disjunctively from the purposes of a home* as an alternative basis for the establishment of a rural homestead claim.[7] Certainly *Perry* does not approach such a holding. *Perry* concludes that an individual's use of a tract contiguous to his rural residential homestead for business purposes will not necessarily disqualify that tract from the scope of protection offered by that rural residential homestead exemption. It is not endorsing the existence of a rural business homestead on a non-contiguous tract with uses and purposes separate and distinct from the rural residential homestead. Instead, the court in *Perry* recognized that:

> Perry's home is not separated or detached from the mobile home park. He and his wife live in the same building which houses the park's office and store. Had the park been separated from Perry's residence, this case would have been decided differently. Property that is separated from the land on which the claimant resides *must be used principally for the purposes of a home* if it is to be included in a claimant's rural homestead.

*Id*. at 318 n. 22 (emphasis added).

---

[7] That independent existence was acknowledged under the former *urban* business homestead law. Some courts even recognized that one could have an urban business homestead without the establishment of an urban residential homestead. *See, e.g.*, *First Nat'l Bank Mansfield v. Nelson (In re Nelson)*, 134 B.R. 838, 845 (Bankr. N.D. Tex. 1991); *City of El Paso v. Long*, 209 S.W.2d 950, 954 (Tex. Civ. App. – El Paso 1947, writ ref'd n.r.e.); and *Lewis v. Morrison Supply Co.*, 231 F.2d 632, 634 (5th Cir. 1956).

Since the Memory Lane Property in the present case is not contiguous with the Debtors' rural residential homestead, *Perry* is not controlling and is helpful only to the extent that it highlights the fact that a rural homestead exemption will not encompass non-contiguous property unless such property is used "for the purposes of a home." *Autry v. Reasor*, 102 Tex. 123, 113 S.W. 748 (1908).

However, that is a rural homestead exemption which the Debtors never claimed in this case. In both the presentation of their exemption claim on Schedule C and throughout their evidentiary presentation to the Court at hearing, the Debtors based their exemption claim of the Memory Lane Property solely upon the purported existence of a rural business homestead exemption which does not exist under Texas law. The Debtors never contended that the Memory Lane Property was a non-contiguous component of their rural residential homestead which was being utilized for the purposes of a home. Whether such a contention would have been met with greater success is a matter of conjecture.[8] However, even under the liberal construction given to Texas homestead claims, this Court cannot conjure a homestead claim on behalf of the Debtors which has

---

[8] Such an effort would have required distinct evidence that the noncontiguous piece of property is associated with the residence tract and that it is more than a mere separate plot of land producing income. *Painewebber Inc. v. Murray (In re Murray)*, 260 B.R. 815, 830 (E.D. Tex. 2001). Yet, such a standard must be evaluated in the light of the oft-repeated reference that "the purpose of the homestead exemption is to shield from creditors a place for the family to live **and** a place for the head of the family to exercise his calling or business to enable him to support the family." *Perry*, 345 F.3d at 317 (emphasis added), *quoting Thomas v. Creager*, 107 S.W.2d 705, 709 (Tex. Civ. App. – Eastland 1937, writ ref'd w.o.j.). Such apparent inconsistencies create, in the words of the Hon. Leif Clark, a "puzzle" which "[f]ortunately this case does not call upon this court to solve." *In re Perry*, 267 B.R. 759, 769 n.13 (Bankr. W.D. Tex. 2001), *rev'd on other grounds*, *Perry v. Dearing (In re Perry)*, 289 B.R. 860 (W.D. Tex. 2002), *aff'd in part and vacated and remanded in part*, 345 F.3d 303 (5th Cir. 2003).

**-11-**

never been asserted and against which the Trustee was never called upon to defend.

Having determined that the Memory Lane Property fails to qualify for a rural business homestead exemption, the Court concludes that the "Trustee's Objection to Debtor's Claim of Exemptions" must be sustained and the Debtors' claim of a business homestead exemption encompassing the 2.5-acre tract of real property identified as Lot 3B, Block 4, Southview Addition, in Anderson County, Texas, and commonly referred to as 126 Memory Lane, must be denied.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[9] pursuant to FED. R. CIV. P. 52, as incorporated into contested matters in bankruptcy cases by FED. R. BANKR. P. 7052 and 9014. A separate order shall be entered consistent with this opinion.

Signed on 08/29/2006

*Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[9] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.